UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>ONE PARCEL OF PROPERTY LOCATED AT 28 BIRDEN STREET, TORRINGTON, CONNECTICUT, WITH ALL APPURTENANCES AND IMPROVEMENTS THEREON,<br>    *Defendant*.<br><br>[CLAIMANT: YONG FENG CHEN] | Civil No.<br><br><br><br><br><br><br><br><br><br><br><br>August 11, 2022 |

## VERIFIED COMPLAINT OF FORFEITURE

Now comes the Plaintiff, the United States of America, by and through its attorneys, Vanessa Roberts Avery, United States Attorney for the District of Connecticut, and David C. Nelson, Assistant United States Attorney, and respectfully states that:

1. This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(7), for the forfeiture of real property located at 28 Birden Street, Torrington, Connecticut ("Defendant Property") which was used or intended to be used in any manner or part to commit or facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1345 and § 1355.

3. Venue in the District of Connecticut is appropriate pursuant to 28 U.S.C. § 1355 and § 1395.

4. The Defendant Property is one parcel of property located at 28 Birden Street, Torrington, Connecticut, with all appurtenances and improvements thereon, a legal description of which is attached hereto as Exhibit A.

1

5. The United States does not request authority from the Court to seize the Defendant Property at this time. The United States will, as provided by 18 U.S.C. §§ 985(b)(1) and (c)(1):

    a. post notice of this action and a copy of the Complaint on the Defendant Property;

    b. serve notice of this action on the record owner of the Defendant Property, and any other person or entity who may claim an interest in the Defendant Property, along with a copy of this Verified Complaint of Forfeiture;

    c. execute a writ of entry for the purposes of conducting an inspection and inventory of the property; and

    d. record a *lis pendens* on the Torrington Land Records of the Defendant Property's status as the Defendant in this in rem action.

6. The United States will also, as provided by 19 U.S.C. § 1606, appraise the Defendant Property when it executes the Writ of Entry.

7. The Defendant Property was transferred to Yong Feng Chen by Heather Machado-Ramos, by Warranty Deed, recorded on January 5, 2021 at Volume 1324, Page 386 of the Torrington Land Records.

8. The appraised value of the Defendant Property is approximately $123,000.00.

## BACKGROUND OF THE INVESTIGATION

9. On July 31, 2022, the Torrington, Connecticut Fire Department ("TFD") responded to the sounding of an alarm at 28 Birden Street, Torrington, Connecticut ("Defendant Property"). Neighbors of the Defendant Property had reported to the TFD that an alarm had been ringing non-stop for several days. The TFD attempted to make contact with

anyone who might be inside the Defendant Property, but it appeared to them that no one was at the residence.

10. Because the alarms continued, the TFD determined that they needed to enter the Defendant Property to determine the cause of the alarm. The TFD entered the residence through an unlocked window of the Defendant Property.

11. Upon entering the kitchen area of the Defendant Property, the TFD saw several one-inch-tall marijuana plants in containers located on the kitchen counter. In a hallway off the kitchen, the TFD observed a table upon which were marijuana buds that appeared to be in the drying process. Shortly thereafter, the TFD noticed a bright light emanating from a door at the end of a hallway on the first floor which led directly to an attached garage of the Defendant Property. Members of the TFD saw that the garage was full of what they believed to be potted marijuana plants which were approximately three feet tall and that the garage was equipped with indoor grow lights and numerous power cords.

12. While further investigating the source of the smoke alarm, TFD opened a door to the basement of the Defendant Property. While walking down the stairs to the basement, the TFD saw that the entire basement was equipped with numerous grow lights situated above marijuana plants. At this point the TFD contacted law enforcement with their findings.

13. On July 31, 2022, based on the facts detailed above, law enforcement applied for and received a State of Connecticut Search and Seizure Warrant for the Defendant Property.

14. Upon execution of the warrant at the Defendant Property, law enforcement observed that no resident was present at the location and, after a search of the property, there was no evidence that anyone was living at the Defendant Property, because the residence lacked

furniture, clothes, food, or any other items that are present in homes where people live on a daily basis.

15. During this search of the Defendant Property, law enforcement discovered approximately 927 marijuana plants in various stages of growth within all three floors of the property. All the rooms of the Defendant Property, except the kitchen, a bathroom, and a mud room contained marijuana plants in various stages of growth, as well as florescent grow lights, humidifiers, carbon air filtration systems, $CO_2$ tanks, timers, and wall mounted oscillating fans. From the outside of the Defendant Property, law enforcement observed that the shades of the residence appeared to be fully drawn. However, upon inspecting the interior of the Defendant Property, law enforcement observed that the windows on the first and second floors appeared to be non-existent as they were covered with drywall.

16. During the search of the property, law enforcement took pictures of the marijuana plants throughout the house. Examples from those pictures are set forth below.









17. Laboratory and financial analysis by law enforcement experts estimate the marijuana plants, properly harvested, could yield up to $2,700,000.00 in profit for narcotics traffickers.

18. After the search was completed, law enforcement interviewed various neighbors of the Defendant Property. The neighbors told law enforcement that an individual of Asian-American appearance, only known to them as "Sean," would come to the Defendant Property one or two times a week. The neighbors believed that Sean recently purchased the property. The neighbors also told law enforcement that Sean would rarely, if ever, stay overnight at the Defendant Property. The neighbors also told law enforcement that they often observed Sean moving boxes in and out of the Defendant Property at all hours.

19. Law enforcement subpoenaed Eversource for the electrical usage at the Defendant Property. The subpoenaed information showed that the last three invoices for the property were: $4,244.80 on May 03, 2022; $3,558.94 on June 2, 2022; and $3,320.36 on July 1, 2022. According to Eversource records, the May, 2002 invoice for $4,244.80 and the June, 2022 invoice for $3,558.94 were paid in full. Law enforcement knows through training and experience that indoor marijuana cultivation often requires abnormally high electrical consumption due to the use of ultraviolet lights, high intensity grow lights, fans, meters, ballasts, and water pumps.

20. On August 2, 2022, law enforcement conducted a query of Yong Feng Chen's criminal history. This inquiry revealed that he had previous arrests for Possession of Narcotics; Possession of Narcotics with the Intent to Sell; and Possession of Drug Paraphernalia.

21. Law enforcement ran a query of Chen through a database and determined that besides owning 28 Birden Street in Torrington, he was also the owner of a property located at

282 Pearl Lake Road, in Waterbury, Connecticut ("282 Pearl Lake Road"). Chen purchased 282 Pearl Lake Road on September 26, 2019, via Quit Claim Deed from Webster Bank for $92,000.00.

22. During the first week of August 2022, law enforcement conducted surveillance of 282 Pearl Lake Road. Law enforcement observed the property had an overgrown lawn and bushes, some partially covering the windows of the residence. The asphalt shingles appeared to be peeling and in poor condition. The blinds in all the windows were fully drawn down, and the garage windows were all blacked out. At this time, law enforcement saw no signs of occupancy including no individuals coming or going, and no presence of motor vehicles.

23. On August 4, 2022, law enforcement continued surveillance of 282 Pearl Lake Road. During this surveillance, law enforcement observed a U-Haul parked in the driveway.

24. The next day, law enforcement again established surveillance at 282 Pearl Lake Road and observed the same U-Haul parked in the driveway. A short time later, law enforcement observed Chen enter the U-Haul. Chen departed the residence in the U-Haul and law enforcement followed him to a transfer station in Waterbury where Chen emptied the contents of the U-Haul at the town dump.

25. Shortly thereafter, law enforcement contacted a representative of the transfer station to inquire about the contents of the U-Haul which were just discarded there by Chen. The representative told law enforcement that contents dumped from the U-Haul consisted of grow lights, bags of fertilizer, plastic totes, and several black bags tied in knots. Law enforcement continued to follow Chen and ultimately detained him for questioning about the items discarded at the transfer station. Chen was arrested and charged with violations

of Connecticut General Statutes:  53a-155 Tampering with Physical Evidence; and 21a-267(a) Possession of Drug Paraphernalia.

## CONCLUSION

26. The Defendant, one parcel of property located at 28 Birden Street, Torrington, Connecticut, is subject to forfeiture under 21 U.S.C. § 881(7), for the forfeiture of real property which was used or intended to be used in any manner or part to commit or facilitate the commission of a violation of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq*.

WHEREFORE, the United States of America respectfully asserts that there is probable cause to believe that the Defendant Property is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(7); and requests,

   a. that pursuant to 18 U.S.C. § 985(b)(2), and 18 U.S.C. § 983(j), which permits the Court to "take any action to . . . preserve the availability of the property subject to civil forfeiture," the Court issue the proposed Writ of Entry attached to this Verified Complaint of Forfeiture authorizing the United States Marshals Service, or its delegate, to enter the Defendant Property, including any structures, on one or more occasions during the pendency of this in rem forfeiture action:

      i. for the purpose of conducting an inspection and inventory and appraisal of the Defendant Property, which inspection and inventory and appraisal may include still and video photography;

      ii. to be accompanied on any such occasion by any appraiser(s) selected by it to appraise the condition and value of the Defendant Property pursuant to 19 U.S.C. § 1606;

      iii. to be accompanied on any such occasion by any government or contract personnel selected by it for the purpose of conducting an inventory of the Defendant Property; and

      iv. to be accompanied on any such occasion by any federal, state, or local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry;

b. that the Court enter a decree for the forfeiture of the Defendant, one parcel of property located at 28 Birden Street, Torrington, Connecticut, with all appurtenances and improvements thereon, to the United States under 21 U.S.C. § 881(a)(7) is confirmed, enforced, and ordered;

c. that the Court award Plaintiff United States all other relief to which it is entitled, including the costs of this action.

VANESSA ROBERTS AVERY,
UNITED STATES ATTORNEY

By: /S/ David C. Nelson
David C. Nelson (ct25640)
Assistant U.S. Attorney
157 Church Street, 24th Floor
New Haven, Connecticut 06510
Tel: (203) 821-3700
Fax: (203) 773-5373
David.C.Nelson@usdoj.gov

## DECLARATION

I am a Special Agent with the Drug Enforcement Administration, United States Department of Justice, and the agent assigned the responsibility for this case.

I have read the contents of the foregoing Verified Complaint of Forfeiture and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of August, 2022.

                                  */s/ Ryan McHugh*
                                  RYAN MCHUGH
                                  SPECIAL AGENT, DEA

EXHIBIT A

That certain piece or parcel of land with all buildings and improvements thereon located in the Town of Torrington, County of Litchfield and State of Connecticut bounded and described as follows:

Being shown as Lots No. 40 and No. 41 on map of tract known as "Fairlawn", which map is on file in the office of the Town Clerk of said Torrington as Map No. 44.

NORTHERLY:	by land now or formerly of Wall & Burns, 140 feet.

EASTERLY:	by Lots Nos. 42 and 43 as shown on the above map, about 100 feet.

SOUTHERLY:	by land now or formerly of Valenti Franconi, 140 feet; and

WESTERLY:	by public highway known as Birden Street, 100 feet.